**Sandra Walker PAYNE,**
**Plaintiff–Appellant,**

v.

**Paul H. O'NEIL, Secretary of**
**Treasury, Defendant–**
**Appellee.**

No. 02–6510.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2003.

Before BATCHELDER and ROGERS, Circuit Judges; and RUSSELL, District Judge.*

* The Honorable Thomas B. Russell, United States District Judge for the Western District

## ORDER

Sandra Walker Payne, proceeding pro se, appeals a district court judgment dismissing her civil rights complaint construed to be filed pursuant to the Rehabilitation Act (RA), 29 U.S.C. § 791. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral-argument is not needed. Fed. R.App. P. 34(a).

In March 2001, seeking monetary and equitable relief, Payne sued the Secretary of the Treasury (O'Neil) alleging that: 1) she has been discriminated against because of her disability (blindness in one eye); and 2) she has been retaliated against because she filed previous EEO complaints against her employer, the Internal Revenue Service (IRS). Upon review, the district court concluded that Payne had not established that she was "disabled," and that she had not established that her employer had retaliated against her. Hence, it granted summary judgment to the defendant. Payne has filed a timely appeal, reasserting her claims.

Upon review, we conclude that the district court properly granted summary judgment to the defendant on Payne's disability discrimination claim. *See Lucas v. Monroe County,* 203 F.3d 964, 971 (6th Cir.2000). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox*

of Kentucky, sitting by designation.

*County Sch. Sys.*, 205 F.3d 912, 914 (6th Cir.2000). The Rehabilitation Act provides that, "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." *See* 29 U.S.C. § 794(a).

■ Payne has failed to present a prima facie case of disability discrimination because she has failed to show that she is disabled within the meaning of the Act. Under the Rehabilitation Act, an individual with a disability is any person who has a physical or mental impairment which substantially limits one or more of such person's major life activities, has a record of such an impairment, or is regarded as having such an impairment. *See* 29 U.S.C. § 705(20)(B); *Mahon v. Crowell*, 295 F.3d 585, 589 (6th Cir.2002). Although Payne is blind in one eye, she admitted that she no longer has a condition that prevents her from performing her job and that she is able to handle her personal affairs, including driving and house chores. Hence, her condition does not substantially limit one or more of her major life activities. Moreover, she has not established that she has a record of any impairment that substantially limits one or more of her major life activities, or that her employer regarded her as having such an impairment.

We also conclude that the district court properly granted summary judgment to the defendant on Payne's retaliation claim. Where a plaintiff alleges that the defendant has retaliated against her, she has the burden of proving retaliation by a preponderance of the evidence, and proof of retaliatory motive is crucial. *See Rowe v. Cleveland Pneumatic Co., Numerical Control, Inc.*, 690 F.2d 88, 92 (6th Cir.1982). In order to establish a prima facie case of retaliation, Payne must show that: 1) she

engaged in protected activity; 2) the defendant was aware of her participation in the protected activity; 3) the defendant subjected her to some adverse employment action; and 4) there is a causal connection between the protected activity and the adverse employment action. *See Walborn v. Erie County Care Facility*, 150 F.3d 584, 588–89 (6th Cir.1998).

Here, Payne engaged in protected activity when she filed her previous EEO complaints. However, for the reasons expressed by the district court, Payne did not establish that the defendant subjected her to any adverse employment action. In order to determine whether an employment action is adverse, the court must consider the following factors: 1) termination of employment; 2) a demotion evidenced by a decrease in wage or salary; 3) a less distinguished title; 4) a material loss of benefits; 5) significantly diminished material responsibilities; and 6) other factors unique to a particular situation. *See Kocsis v. Multi–Care Mgmt., Inc.*, 97 F.3d 876, 886 (6th Cir.1996).

■ First, the alleged unequal "redistribution" of work did not result in any substantive change in Payne's employment. *See Kocsis*, 97 F.3d at 885. Second, the alleged monitoring of her "time" at work also failed to result in any substantive change in Payne's employment. Moreover, Payne's supervisor (Matthews) averred that she was unaware of Payne's previous EEO complaints. Thus, there is no causal connection between Payne's protected activity and the alleged adverse employment action. *See Walborn*, 150 F.3d at 588–89. Third, the change in Payne's temporary promotion to a GS–4 level did not constitute an adverse employment action. Although the promotion was prematurely reclassified to a GS–3 level in October 1999, Payne does not dispute that there were four other employees whose temporary promotions were also reclassi-

fied at that time. Payne's supervisor explained that the problem occurred as a result of a computer malfunction. Moreover, Payne does not dispute that each of these employees (including herself) was compensated at a GS–4 level for the time of the unintended reclassification. Finally, Payne's lower-than-expected performance appraisal for 1999 does not constitute an adverse employment action. Payne only received a "3" rating in one of the three categories. She received a "4" and a "5" rating on the remaining categories. Moreover, Payne acknowledged that the reason provided for the "3" rating in "job interaction" was accurate.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.